GIOVANNI ZAMBARANO *et al. vs.* CARLO MORVILLO *et al.*

JULY 1, 1932.

PRESENT: Stearns, C.J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J.   This is an action of covenant brought by plaintiffs, grantees in a warranty deed of real estate from defendants, to recover damages for the breach of the warranty against incumbrances in said deed.   The case was tried by a justice of the Superior Court without the intervention of a jury and the decision was for plaintiffs for the sum of $652.50.   The case is in this court on defendants' bill of exceptions.   The only exception pressed is as to the measure and the amount of damages.

The facts are undisputed.   In December, 1924, plaintiffs through the real estate agency of Antonio and Mariano Corrente bought a parcel of land in the town of Johnston for $5,000 and received a warranty deed from defendants with the usual covenants against incumbrances.   In 1926 plaintiffs discovered there was an outstanding mortgage for $2,000 on the land they had bought.   The real estate agents

apparently had intended to discharge this mortgage with part of the purchase money they received but failed to do so. Upon discovery of the facts counsel for plaintiffs at the request of the agents refrained from bringing an action against defendants.

By payments at different times the agents reduced the mortgage debt to $650. No other payments have been made. Plaintiffs' counsel again refrained from beginning suit at the request of the agents and, to shield them from exposure, accepted notes for $650 made by the agents payable to plaintiffs. In all these transactions it was agreed that plaintiffs were not to lose any right of action against the grantors. The notes were not paid and this action was then begun.

The trial justice properly decided that there was no novation as a result of these transactions. His decision, that plaintiffs, who had paid nothing either for the reduction or the extinguishment of the mortgage debt, were entitled to damages in the amount of the balance still due on the debt, was erroneous.

The law is well settled that a covenant against incumbrances is one of indemnity. The measure of damages is the recovery of a sum equal to the injury actually sustained at the time the action is brought.

The possibility of liability does not warrant a recovery of the amount of such liability. A mortgage is a collateral security. When there is an outstanding mortgage, the grantee of the deed can recover only nominal damages, unless he has paid wholly or partially the mortgage debt. The reason for this rule is that the mortgagor still is liable for the mortgage debt until it is paid.

The defendants' exception is sustained and the case is remitted to the Superior Court with direction to enter judgment for the plaintiffs for nominal damages with costs.

*Donald O. Burke,* for plaintiffs.

*Voigt, Wright & Munroe, Philip B. Goldberg, James J. Fogarty, Jr.,* for defendants.